### BLAINE v. LUCAS et.

Ohio Appeals, 4th Dist., Pickaway Co.

Decided May 19, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**COUNTIES—Office & Officers (400 C4)**

(170 D) The fact that there is in existence a legally established ditch, does not exhaust the power of the county commissioners over the same territory; and in proper case they may establish another ditch.

Error to Common Pleas.

Judgment reversed.

Charles H. May, Circleville, for Blaine.

C. A. Weldon, Abernethy & Simpkins, Circleville, for Lucas et.

### STATEMENT OF FACTS.

Ernest D. Blaine and others, resident land owners in Darby Township, Pickaway County, petitioned the county commissioners of that county for the establishment of a county ditch. The provisions of Sections 6442, et seq., of the General Code were complied with by the commissioners and the county surveyor, with the result that the prayer of the petition was granted and assessments for the proposed improvement were made and confirmed by the commissioners. Thereafter those opposed to

the improvement appealed to the Court of Common Pleas. That court found against the petitioners and dismissed the petition.

MAUCK, J.

The record shows that the Common Pleas did not find that the improvement was unnecessary nor that it was not conducive of the public welfare nor that the benefits would not equal the costs. The judgment was simply that it is

"adjudged and decreed that the said petition and proceedings thereunder be and the same are hereby dismissed."

From the expression of the trial judge quoted, from the journal entry and the opinion it is evident that the judgment now under review was predicated on the finding that the commissioners were without authority to entertain the petition for the ditch because a legally established ditch was already in existence that affected at least a part of the territory to be drained by the ditch sought to be established by the petition in this case. The facts are these: The proposed improvement begins on the Dick land and runs in a westerly direction to Deer Creek. A branch is to run into this drain from the Zahn lands on the north and another is to tap it near the same junction running from the Blaine lands on the south. These branches from the north and south are rather closely paralleled by a joint township ditch established by the trustees of Darby and Monroe townships in 1875. This old ditch had by its establishment become a watercourse and in the judgment of the trial court constituted an obstacle to a new ditch until it was vacated by legal proceedings. In our view this position is not supported by authority nor by the sounder reasoning. If this position is sustained it will effectually and forever prevent any improvement of the property in question for the very sufficient reason that the old ditch can not be vacated practically until an alternative system is devised to take its place. A ditch can be vacated only by proceeding under Section 6506 GC. An order of vacation can only be made when upon petition the commissioners find that the vacation will be conducive to the public welfare. They must further find the value of the old ditch to interested owners and assess just compensation for their benefit from the property to be benefitted by the vacation. The record in this case shows that the old ditch has some value. The record as a whole shows that it is ineffectual, but it has some value, particularly to the Lucas land (See William Lucas' testimony), and it does not show a corresponding injury to any other land. If it were ordered vacated what lands could be assessed to compensate Mrs. Lucas for the damages? Certainly neither the Blaine nor Burchnell nor other lands would be particularly benefitted by such vacation. Indeed, they would all be injured thereby to a greater or less extent because a little drainage is better than none. It appears, therefore, that a construction of the statute that requires a vacation of the old ditch as a condition precedent to the establishment of a new one is equivalent to a perpetual injunction against a new ditch.

The only available authority seems to sustain the conclusion at which we have arrived. It was so decided by one of the most eminent Circuit Courts of the state. Two of the judges participating in the decision were afterwards on the Supreme bench and the third judge was of equal merit. Miller v. Webber, 1 C. C. 130.

The record in this case shows the desirability of improved drainage of the lands in question. The course of the drainage, its character and extent are engineering and administrative problems. We express no opinion thereon.

The Court of Common Pleas in reaching the conclusion that the commissioners were without jurisdiction to grant the prayer of the petition and in dismissing the petition was in error.

(Middleton, PJ., and Thomas, J., concur.)